

GARY M. RESTAINO
United States Attorney
District of Arizona
7102 E. 30th Street, Suite 101
Yuma, Arizona 85365
Telephone: 928-314-6410
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, | CR-25-00106-PHX-JFM |
| Plaintiff, | Case No. 2:25-01128m-001 |
| v. | |
| Victoria Roman-Braulio, | **PLEA AGREEMENT** |
| Defendant. | |

The parties enter into the following agreement:

1. The defendant will plead guilty to Count 2 of the Information charging a violation of 8 U.S.C. § 1325(a)(1), Improper Entry by Alien, a Class B misdemeanor offense. The United States shall dismiss Count 1 of the Information at time of sentencing.

2. A violation of 8 U.S.C. § 1325(a)(1) is punishable by a maximum fine of $5,000, a maximum term of imprisonment of six months, or both. The government will move to remit the $10 special assessment.

3. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree to a sentence of ___30___ days' imprisonment.

4. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the defendant agrees that, in the event his/her guilty plea is withdrawn, the United States may use the defendant's guilty plea, the defendant's statements made under oath at the change of plea hearing, and the factual basis statement in this plea agreement as substantive evidence in any subsequent hearing, proceeding, or criminal trial on his/her commission for the offense described herein. The defendant expressly waives any rights he/she may have under Fed. R. Criminal P. 11(f)

1   and Fed. R. Evid. 410 to bar the United States from such use.

2          5.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant

3   stipulate and agree that sentencing may occur on the day of the change of plea hearing and

4   hereby waive the preparation of a Presentence Investigation Report.

5          6.  The defendant understands and agrees that this plea agreement contains all the

6   terms, conditions, and stipulations of his/her guilty plea. If the Court departs from the terms

7   and conditions in this plea agreement, either party may withdraw.

8          7.  If the defendant entered the United States at a place outside the jurisdiction of

9   this Court, the defendant agrees to waive any right to raise a challenge based on improper

10  venue under 8 U.S.C. § 1329 in order to permit the Court to accept the guilty plea and

11  sentence the defendant in accordance with this plea agreement.

12         8.  The defendant recognizes that pleading guilty may have consequences with

13  respect to his/her immigration status if the defendant is a recently naturalized United States

14  citizen or is not a citizen of the United States. Under federal law, a broad range of crimes

15  are removable offenses, including the offense(s) to which defendant is pleading guilty.

16  Although there may be exceptions, the defendant understands that the defendant's guilty

17  plea and conviction for this offense make it practically inevitable and a virtual certainty

18  that the defendant will be removed or deported from the United States. The defendant

19  agrees that defendant has discussed this eventuality with defendant's attorney. The

20  defendant nevertheless affirms that he/she wants to plead guilty regardless of any

21  immigration consequences that this plea entails, even if the consequence is the defendant's

22  automatic removal from the United States.

23         9.  The defendant waives (1) any and all motions, defenses, probable cause

24  determinations, and objections that the defendant could assert to the Complaint or

25  Information; and (2) any right to file an appeal, any collateral attack, and any other writ or

26  motion that challenges the conviction, an order of restitution or forfeiture, the entry of

27  judgment against the defendant, or any aspect of the defendant's sentence, including the

28  manner in which the sentence is determined, including but not limited to any appeals under

1  |  18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255

2  |  (habeas petitions), and any right to file a motion for modification of sentence, including

3  |  under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under

4  |  18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion).  This waiver shall

5  |  result in the dismissal of any appeal, collateral attack, or other motion the defendant might

6  |  file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

7  |  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective

8  |  assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section

9  |  II.B of Ariz. Ethics Op. 15-01 (2015)).

10  |        10. The elements of Improper Entry by an Alien are (1) the defendant is not a citizen

11  |  or national of the United States; and (2) the defendant knowingly entered or attempted to

12  |  enter the United States at a time or place other than as designated by immigration officers.

13  |  **FACTUAL BASIS**

14  |        I am not a citizen or national of the United States. On or about the date alleged in

15  |  Count 2 of the Information, I knowingly entered the United States within the District of

16  |  Arizona at a time and place other than as designated by immigration officers, and I was not

17  |  under the constant, continuous observation of immigration authorities over this period.

18  |

19  |  Dated this _____ day of _____, 20____.

20  |

21  |  _____                    _____ for Victoire Roman-Brau

     Defense Counsel                                      Defendant

22  |  _____

23  |  Assistant U.S. Attorney

24  |  **ACCEPTANCE BY THE COURT**

25  |

26  |     1/24/2025

   Date                                                         United States Magistrate Judge

27  |

28  |